[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this tax appeal the plaintiffs, pursuant to the provisions of 12-118 of the Connecticut General Statutes, appeal from a decision of the Board of Tax Review for the Town of Union assessing a parcel of land with improvements thereon owned by the plaintiffs in said town and located at 55 Mashapaug Road, consisting of 8.2 acres. The subject parcel is more particularly described in Volume 30, Page 32 of the Union Land Records.
The town assessor on October 1, 1989 valued the property as follows:
 Land $333,500.00 Improvements $227,900.00 Total $561,400.00
The assessor determined that all property should be liable for taxation at seventy percent (70%) of its actual value on the assessment resulting in the following assessment:
Land $233,450.00 CT Page 5245 Improvements $159,530.00 Total $392,980.00
The plaintiffs duly appealed to the Board of Tax Review claiming to be aggrieved and the Board reduced the property's true value as follows:
 Land $233,450.00 Improvements $150,354.00 Total $383,804.00
The plaintiffs remained unsatisfied and have brought this action.
The plaintiff must establish by a fair preponderance of the evidence, that the property was overvalued for assessment purposes in order to prevail. Xerox Corporation v. Board of Tax Review of the City of Hartford, 175 Conn. 301,397 A.2d 1367 (1978). Assessors are given some degree of latitude and discretion in their valuation. Burrit Mutual Savings Bank v. New Britain, 146 Conn. 669, 154 A.2d 608 (1959).
The plaintiffs have failed to meet their burden. The plaintiffs' appraiser had a hard time securing comparable sales figures for similarly situated property in the Town of Union. The only sale of a parcel of land in the Town of Union supported the Town's position. The Town's formula was reasonable and equitable and not rebutted by the plaintiffs. It was more than adequately discounted and this court agrees with the Town's appraisal and finds the subject property has a fair market value of $383,804.00, on October 1, 1989.
Accordingly, the appeal is dismissed.
HON. PHILIP DUNN SUPERIOR COURT JUDGE